## BETZ v. BUCKEL et al.

(Superior Court of New York City, Special Term. July 11, 1893.)

CONTEMPT—FAILURE TO PAY DEFICIENCY ON RESALE UNDER MORTGAGE.

An order directing a purchaser at a mortgage foreclosure sale to pay the deficiency arising on a resale made in consequence of his default is not within Code Civil Proc. § 14, subd. 3, which declares that a person may be punished, as for a contempt, "for the nonpayment of a sum of money ordered or adjudged by the court to be paid, in a case where, by law, execution cannot be awarded for the collection of such sum," since an execution may be issued against such purchaser under section 779, providing that where costs, "or any other sum of money, directed by an order to be paid, are not paid, * * * an execution against the personal property, only, of the party required to pay the same, may be issued."

Action by George Betz against Peter Buckel and others to foreclose a mortgage. A sale was decreed, and defendant Charles Johnson became the purchaser, but he failed to comply with the terms of the sale; and it was ordered that the property be resold, and that said Johnson be held liable for any deficiency that might arise on the resale, and for the expenses thereof. The deficiency was $15,500, and the expenses were $222.45. An order was entered, directing defendant Johnson to pay such sums, which he failed to do. Plaintiff now moves that he be punished for contempt. Motion denied.

Abraham L. Jacobs, for plaintiff.
Henry Daily, for defendant.

GILDERSLEEVE, J. By decree of this court in proceedings to foreclose a mortgage, certain real estate in this city was offered for sale, under the direction of a referee duly appointed, in the month of November last; and the property was struck down to Charles Johnson, one of the defendants in the foreclosure proceedings, which were entitled as above, who had been unsuccessful in an alleged defense which he had interposed therein. Johnson signed the terms of sale prepared by the referee, but failed to comply therewith by paying 10 per cent. of the purchase price. On motion duly made in this court, upon the argument of which Johnson was heard, an order was made directing that the premises in question be resold, under the same terms of sale as were subscribed to by Johnson when the premises were struck off to him, and that Johnson be held liable for, and pay over to the referee for and on account of the plaintiff, the amount of any deficiency that there might be between the sum for which the said premises

were struck off .to him upon the first sale, and that for which they might be purchased on the resale. It was further ordered that said Johnson pay the costs and expenses incurred on the resale of said premises. On May 15, 1893, the report of the referee of the resale was duly filed, whereby it appeared that the deficiency between the amount bid by Johnson upon the first sale of said property, and the amount realized upon the second sale thereof, was $15,500, and that the expenses of such resale amounted to $222.45. The motion now under consideration is for an order directing Johnson to pay the said sum of $15,722.45, together with interest thereon from May 16, 1892, and in default thereof that he be punished as for a contempt of court.

Johnson seems to have had due notice of all the steps in the proceedings that have led to the result above indicated, which proceedings seem to have been entirely regular, and the plaintiff is clearly entitled to a decree of this court directing Johnson to pay to him the above sum. It appears, however, that Johnson is utterly insolvent, and that such a decree will be of little value to the plaintiff. Anticipating Johnson's default, plaintiff asks that in the event thereof Johnson be punished as for a contempt of court. In my opinion Johnson's failure to pay the above sum, when ordered by this court forthwith to do so, will not place him in a contempt for which he can be summarily punished by an order of this court. We must look to the Code for authority to enforce the order by punishment as for a contempt. Contempts that are punishable civilly are set forth in section 14 of the Code of Civil Procedure. If the case at bar falls within the section in question, it must come within the provisions of subdivision 3 or subdivision 8. We are not advised by counsel, nor have we been able, upon a somewhat hurried examination, to ascertain that punishment for contempt has been "usually adopted and practiced" in this court to enforce the remedy which the plaintiff here seeks, and we must therefore hold that the application is not within subdivision 8 of that section. Subdivision 3 is as follows:

"A party to the action or special proceeding, an attorney, counselor, or other person, for the nonpayment of a sum of money ordered or adjudged by the court to be paid, in a case where, by law, execution cannot be awarded for the collection of such sum; or for any other disobedience to a lawful mandate of the court."

The case at bar is not within this subdivision, for the reason that it is not "a case where, by law, execution cannot be awarded for the collection of such sum." For by section 779 it is provided as follows:

"Where costs of a motion, or any other sum of money, directed by an order to be paid, are not paid within the time fixed for that purpose by the order, or, if no time is so fixed, within ten days after the service of a copy of the order, an execution against the personal property, only, of the party required to pay the same may be issued by any party or person to whom the said costs or sum of money is made payable by said order. * * * But nothing herein contained shall be so construed as to relieve a

party or person from punishment as for a contempt of court for disobedience to an order in any case where the remedy of enforcement by such proceedings now exists."

I can find no provision of the Code which authorizes the court to enforce the payment of this money by Johnson to the plaintiff by punishing Johnson as for a contempt. Section 16 of the Code provides as follows:

"Except in a case where it is otherwise specially prescribed by law, a person shall not be arrested or imprisoned for disobedience to a judgment or order requiring the payment of money due upon a contract, express or implied, or as damages for nonperformance of a contract."

The sum which the plaintiff is seeking to collect from Johnson is nothing more than damages arising from the nonperformance of Johnson's contract. Contracts for sale, such as Johnson subscribed to in this action, owing to the large number of transactions in real estate in this city, and to the large amount of property that is sold at auction, are entered into daily, and are very numerous. If it is to be held that, for the failure to pay damages arising from a breach of such contract, judgment debtors are to be punished as for a contempt of court, it would, it seems to me, be a somewhat serious impediment to real-estate transactions, and deter many desirous of purchasing real estate from entering the market. I cannot declare such to be the law until I am shown authority therefor. This the counsel did not do upon the argument, nor does it appear in their briefs. I believe the remedy of the plaintiff to be such as I have indicated. The application to punish defendant Johnson as for a contempt of court must be denied, without costs.